UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNARD WATKINS,

    Plaintiff,

    v.

BEN CURRY; et al.,

    Defendants.

No. C 10-2539 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Kennard Watkins, an inmate currently at the California Men's Colony in San Luis Obispo, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining of a delay in the mail at the Correctional Training Facility in Soledad, where he was housed earlier. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Kennard Watkins alleges the following in his complaint:

On or about October 5 or 6, 2007, certified mail was sent to him from the Los Angeles Police Department Internal Affairs Division "relating to a formal civil rights complaint stemming from his trial and present criminal case and conviction." Complaint, p. 4. The mailroom staff at CTF did not then forward the letter to Watkins, and he did not receive the letter for almost 12 months. He believes the mailroom personnel logged the certified letter, processed it as institutional mail, and then sent it to the institutional records department where it was subsequently opened and read by institutional staff, and then forwarded to the institution's legal department. (The inmate appeal responses show that prison officials do not agree with Watkins'

explanation of how the mail was handled.) The envelope later was sent to the mailbox of Watkins' correctional counselor, J. Summers, who gave it to Watkins and explained to him that she did not know how it got in her mailbox.

The mail did not have Watkins' prisoner number on the envelope, and did not indicate that he was a prisoner. See Docket # 1-1, pp. 21-22 of 35. The correspondence was a form letter that acknowledged receipt of a complaint filed seven days earlier by Watkins and informed him that the police department "is continuing to actively investigate your complaint you reported on September 20, 2007." Id. at p. 21. The letter requested the recipient to be patient and informed him that he would be notified in writing of the findings at the conclusion of the investigation. The letter did not request any action by Watkins.

Watkins alleges that the failure to deliver his mail to him violated his First Amendment rights. He also alleges that it violated his Fourteenth Amendment rights, and contends that "their delay or withholding was so extensive plaintiffs (sic) ability to prepare and respond with necessary legal documents was affected." Id. at 6.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff,

United States District Court
For the Northern District of California

52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). The prisoner's rights with respect to mail differ depending on whether it is legal or non-legal mail. Although Watkins alleges that the mail was confidential legal mail, his description of it as well as the mail itself plainly show that it was not. Only mail from his own attorney (and not mail from opposing counsel or from a public agency) would be confidential legal mail. Cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's own lawyer, is not "legal mail"); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (mail from court to litigant generally is not legal mail). There is no confidential relationship between a prisoner and the police department that arrested him, unlike the confidential attorney-client relationship that exists between a litigant and his own attorney. Not only is there generally not a confidential relationship, the form letter here does not call out for any special treatment. For § 1983 purposes, Watkins' mail claim will be analyzed as a claim involving non-legal mail.

Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996); Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). However, a temporary delay or isolated incident of delay might not amount to a First Amendment violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999). Bearing in mind that the court must construe pro se filings liberally, especially where the plaintiff is a pro se prisoner in a civil rights matter, see Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010), the court finds that, liberally construed, the complaint states a cognizable § 1983 legal claim for a First Amendment violation for the delay in delivering a single piece of mail. The value of such a claim may be quite low, but that does not mean a cognizable claim has not been pled. Although a cognizable claim has been pled, there is a defendant problem as discussed after the next paragraph.

Watkins also alleges that his rights under the Fourteenth Amendment were violated by the delay in the mail, and that the delay in the mail affected his ability to "prepare and respond with necessary legal documents." Complaint, p. 6. Insofar as he is attempting to allege a

3

violation of his right of access to the courts, his pleading fails because he does not allege an actual injury. The letter did not impose any deadlines on Watkins; instead, it merely informed him that an investigation had been started, the investigation would take time, and that he would be notified when it was done. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. If Watkins wants to pursue a denial of access to the courts claim in his amended complaint, he may do so, but must identify the deficiency in the legal program and allege an actual injury to state a claim for relief. He also needs to link one or more defendants to this claim as discussed in the next two paragraphs.

The problem with the complaint is that Watkins has not identified any viable defendant for either the First Amendment or denial of access to the courts claim. It appears that Watkins does not actually know what happened to his mail, other than that it took more than a year to get to him. He does not allege who caused the delay, but merely speculates as to what may have caused the delay. He sues mailroom supervisor Amy, and alleges that she had a duty to process mail adequately, but does not allege that Amy actually handled his mail. The allegations are insufficient to state a claim against defendant Amy because liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). He also sues warden Curry, and alleges that as the head of the prison he was responsible for the prison, but he does not allege that warden Curry played any role in the delay of his mail. The allegations are insufficient to state a claim against defendant Curry because

there is no allegation that he personally participated in or directed the violation. See id. And there is no respondeat superior liability under § 1983, i.e., there is no liability under section 1983 solely because one is responsible for the actions or omissions of another. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984); accord Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Watkins also sued correctional counselor Summers because she allegedly had a duty not to delay the mail, but the allegations of the complaint show that Summers delivered the mail to Watkins when she received it, and do not show any wrongdoing by her. Defendant Summers has no liability based on the allegations of the complaint.

Watkins also listed as defendants Does 1 through 25. Watkins has not alleged enough for the court to determine whether any Doe defendant did anything that might amount to a constitutional violation. It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. Watkins must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court by amending his complaint to explain what each such person did or failed to do that caused a violation of his constitutional rights. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. The court will grant a lengthy period of time for Watkins to file his amended complaint so that he can find the names of the Doe defendants. If he does not provide those names, they will be dismissed without prejudice. And if he does not provide names for the Doe defendants, and does not state a claim against any defendant identified by name in the amended complaint, the whole action will be dismissed.

/ / /

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **March 4, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: December 3, 2010

_____
SUSAN ILLSTON
United States District Judge