UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNARD WATKINS,                      No. C 10-2539 SI (pr)

    Plaintiff,                       **ORDER OF SERVICE**

    v.

BEN CURRY; et al.,

    Defendants.
                                  /

## INTRODUCTION

Kennard Watkins, an inmate currently at the Red Rock Correctional Center in Eloy, Arizona, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining of a delay in the mail at the Correctional Training Facility in Soledad, where he was housed earlier. The court reviewed the complaint and dismissed it with leave to amend. Watkins then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Kennard Watkins alleges the following in his amended complaint:

On or about October 5 or 6, 2007, certified mail was sent to him from the Los Angeles Police Department Internal Affairs Division "pertaining to his formal Civil Rights complaint stemming from his trial and present criminal case and conviction." Amended Complaint, p. 3. The mailroom staff at CTF did not then forward the letter to Watkins, and he did not receive the letter for almost 12 months. The envelope later was sent to the mailbox of Watkins' correctional counselor, J. Summers, who gave it to Watkins and explained to him that she did not know how it had come to be in her mailbox.

1    The mail did not have Watkins' prisoner number on the envelope, and did not indicate
2 that he was a prisoner. See Docket # 1-1, pp. 21-22 of 35. The correspondence was a form
3 letter that acknowledged receipt of a complaint filed seven days earlier by Watkins and informed
4 him that the police department "is continuing to actively investigate your complaint you reported
5 on September 20, 2007." Id. at p. 21. The letter requested the recipient to be patient and
6 informed him that he would be notified in writing of the findings at the conclusion of the
7 investigation. The letter did not request any action by Watkins. In his amended complaint,
8 Watkins alleges that on May 8, 2008 – seven months after that letter was mailed and five months
9 before he received it – he received a letter from the L.A.P.D. Internal Affairs "stating that the
10 investigation into plaintiff's complaint had been completed and that his allegations were
11 classified as Unfounded." Amended Complaint, p. 4. In other words, he learned that his
12 complaint was rejected before he received notice that it was being investigated.

13   Watkins alleges that the failure to deliver his mail to him violated his First, Fifth, and
14 Fourteenth Amendment rights.

## DISCUSSION

17   A federal court must engage in a preliminary screening of any case in which a prisoner
18 seeks redress from a governmental entity or officer or employee of a governmental entity. See
19 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss
20 any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,
21 or seek monetary relief from a defendant who is immune from such relief. See id. at
22 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police
23 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

24   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
25 a right secured by the Constitution or laws of the United States was violated and (2) that the
26 violation was committed by a person acting under the color of state law. See West v. Atkins,
27 487 U.S. 42, 48 (1988).

28   Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff,

2

52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). The prisoner's rights with respect to mail differ depending on whether it is legal or non-legal mail. Although Watkins alleges that the mail was confidential legal mail, his description of it as well as the mail itself plainly show that it was not. Only mail from his own attorney (and not mail from opposing counsel or from a public agency) would be confidential legal mail. Cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's own lawyer, is not "legal mail"); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (mail from court to litigant generally is not legal mail). There is no confidential relationship between a prisoner and the police department that arrested him, unlike the confidential attorney-client relationship that exists between a litigant and his own attorney. Not only is there generally not a confidential relationship, the form letter here does not call out for any special treatment. For § 1983 purposes, Watkins' mail claim will be analyzed as a claim involving non-legal mail.

Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996); Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). However, a temporary delay or isolated incident of delay might not amount to a First Amendment violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999). Bearing in mind that the court must construe pro se filings liberally, especially where the plaintiff is a pro se prisoner in a civil rights matter, see Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010), the court finds that, liberally construed, the amended complaint states a cognizable § 1983 legal claim for a First Amendment violation for the delay in delivering a single piece of mail. The value of such a claim may be quite low, but that does not mean a cognizable claim has not been pled. The amended complaint, adequately links defendant Amy Dzioba to the misdelivered mail in that it alleges that she said in response to an inmate appeal that "she and the mailroom staff sent this letter into the institution." Amended Complaint, p. 4. Watkins has not linked any other defendant to his First Amendment claim.

3

Watkins also alleges that his constitutional right of access to the courts was violated by the delay in delivering his mail. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. When the court dismissed the complaint with leave to amend, it pointed out that Watkins had not identified an actual injury resulting from the alleged mail delay. He did not cure that problem in his amended complaint. The letter did not impose any deadlines on Watkins; instead, it merely informed him that an investigation had been started, that the investigation would take time, and that he would be notified when it was done. Indeed, by the time he received the letter, Watkins had known for several months that the matter had been investigated and concluded because he had received a letter from the L.A.P.D. telling him that. See Amended Complaint, p. 4. Watkins alleges that "he was deprived of a reasonable opportunity to challenge constitutional violations stemming from his trial and present conviction. Defendants conduct impeded plaintiffs (sic) efforts to pursue a non-frivilous (sic) legal claim." Id. at 6-7. Those conclusory allegations do not help him, because he needed to allege facts showing an actual injury, not just recite the legal standard. He has not alleged any fact that suggests that the delay in receipt of a form letter from the L.A.P.D. caused him any injury. The denial-of-access-to-the-courts claim is DISMISSED without leave to amend.

4

**CONCLUSION**

1. The amended complaint states a cognizable §1983 claim against Amy Dzioba for a violation of Watkins' First Amendment right to receive mail. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon Amy Dzioba, a mailroom supervisor at CTF - Soledad.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **June 10, 2011**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **July 15, 2011**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion

5

to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 29, 2011**.

 4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

 5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

 6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

 7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  IT IS SO ORDERED.

Dated: March 21, 2011        _____
                   SUSAN ILLSTON
                   United States District Judge